# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

SHAROD J. WORTHEN,              )
                                )
      Plaintiff(s),          )  Case No. 2:11-cv-0344-RLH-PAL
                                )
vs.                             )  **O R D E R**
                                )  (Motion for Default Judgment–#5)
AFTERMATH INC.,                 )
                                )
      Defendant(s).         )
_____ )

        Before the Court is Plaintiff's (Motion for) Entry of Default (#5, filed June 16, 2011). Defendant has filed a Response and Opposition (#6, filed June 17, 2011). A reply is unnecessary and the Court will address the "motion" immediately.

        Plaintiff's document is incorrectly entitled "Entry of Default." Plaintiff does not enter a default, but requests the Court to do so. Furthermore, while it is entitled "Entry of Default," the context of the document speaks as though it were a motion for default judgment, which is a different thing than merely requesting the entry of default, and which requires admissible proof by one having knowledge of the facts sufficient to justify a judgment.

        The Complaint was purportedly served on May 25, 2011. Defendant's Response and Opposition argues that it previously served and filed a demand for Security of Costs, on June 6, 2011, which it believes stays the requirement to file a response to the complaint until the Security of Costs is filed, pursuant to N.R.S. 18.130. Plaintiff's (Motion for) Entry of Default was filed on the 22d day following the purported service.

1   Plaintiff's "motion" is improper and inadequate as a motion for default judgment
2 because it is improperly entitled, does not contain sufficient admissible documentation for a default
3 judgment, and Defendant, who has made an appearance is not given an opportunity to respond and
4 defend against a judgment. Accordingly, Plaintiff's (Motion for) Default Judgment (#5) will be
5 denied.

6   Defendant's Response and Opposition is also flawed in that Defendant is of the
7 understanding that filing of a Demand for Security of Costs in this case stays the obligation to file an
8 answer. Nevada Revised Statute 18.130 is a Nevada statute and therefore only applies in federal court
9 if the matter is here on diversity (under 28 U.S.C. §1332), which is not the case here, as this case is
10 brought under §1331-federal question. *Cf. Hamar v. Hyatt Corp.* 98 F.R.D. 305 (D.C.Nev. 1983) and
11 *Arrambide v. St. Mary's Hospital, Inc.*, 647 F.Supp. 1148, 1149 (D.Nev. 1986).

12   Accordingly, filing a Demand for Security of Costs, in this instance does not stay the
13 requirement to file a timely response to the Complaint. However, because Defendant's misunder-
14 standing is an excusable misunderstanding, and, because the Demand was filed timely, and, because
15 there has been no undue delay, the Court will permit Defendant to file a responsive pleading within
16 10 days of the date of this Order.

17   IT IS SO ORDERED.
18   Dated: June 23, 2011.

_____
**Roger L. Hunt
United States District Judge**

2