**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAROD J. WORTHEN, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:11-cv-00344-RLH-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| AFTERMATH, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

   This matter was referred to the undersigned Magistrate Judge on Defendant Aftermath's Motion to Dismiss for Failure to Properly Effectuate Service of Process (#7), filed June 23, 2011; Plaintiff's Response (#12), filed July 11, 2011; Defendant's Reply (#16), filed July 12, 2011; Plaintiff's Motion for Extension of Time to Serve Notice (#21), filed August 29, 2011; Defendant's Response to Plaintiff's Motion for Extension of Time (#22), filed August 30, 2011; and Plaintiff's Reply (#23), filed September 9, 2011.  Resolution of the foregoing will also affect Plaintiff's Motion to Amend Complaint (#24), filed September 12, 2011, and Defendant's Opposition and Counter Motion to Dismiss Plaintiff's Amended Complaint or for a More Definite Statement (#29).

**BACKGROUND**

   The Complaint in this matter was filed on March 4, 2011.  (#1).  After obtaining a right to sue letter from the EEOC, Plaintiff filed this suit alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (codified at 42 U.S.C. §§ 2000e-1 *et seq.*) And 42 U.S.C. § 1981.  The complaint also includes claims under state law for defamation, slander and negligence.

   **1. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(5) (#7)**

   On June 23, 2011, Defendant Aftermath, Inc., Plaintiff's former employer, field motion to dismiss for failure to properly effectuate service pursuant to Fed. R. Civ. P. 12(b)(5).  Defendant

contends that on or about May 25, 2011, Plaintiff attempted to effectuate service by leaving a copy of the complaint and summons with "a billing clerk who had no authority to accept service of process." (#7). Citing Fed. R. Civ. P. 4(h), Defendant asserts that the billing clerk upon whom the complaint and summons were served is (1) not an officer of Defendant Aftermath, Inc.; (2) not a managing or general agent of the defendant corporation; and (3) not an agent expressly or impliedly authorized to receive service of process. Defendant Aftermath attached an affidavit from the individual served with the complaint and summons confirming that she was not authorized to accept service on behalf of the defendant corporation. *See* Aff. of Kassie Howell attached to Def.'s Mot. to Dismiss (#7). Defendant also attaches an affidavit from its general counsel stating that the complaint and summons were not served upon an individual with authority to accept service. *See* Aff. of Patricia Heinle attached to Def.'s Mot. to Dismiss (#7).

Plaintiff filed his opposition to Defendant's motion on July 11, 2011. In his opposition, Plaintiff argues that the service was sufficient because Defendant was given actual notice of the pending action. Plaintiff further requested that if the Court found the service insufficient that he be permitted additional time to accomplish service pursuant to Fed. R. Civ. P. 4(m). *See* Pl.'s Resp. (#11). In reply, Defendant argues (1) that Plaintiff's opposition was untimely and should not be considered; (2) Plaintiff did not address the merits of the motion and, therefore, the motion is unopposed; and (3) dismissal is required as more than 120 days had passed between the filing of the complaint and the request for an extension to serve. *See* Def.'s Reply (#16).

**2. Plaintiff's Motion to Extend (#21)**

On August 29, 2011, Plaintiff filed a motion to extend time to serve (#21). While not conceding that there was an error in original process, Plaintiff stated that if there were a mistake it was inadvertent and he would take the necessary steps to correct the error. Consequently, he reiterated his prior request that he be given additional time to effectuate service under Rule 4(m).[1] Defendant opposes the motion asserting that its motion to dismiss (#7) should be ruled upon first. Defendant argues further that Plaintiff had failed to demonstrate good cause for the requested

---

[1] Plaintiff also attached an Affidavit of Service to the motion to extend.

extension as the motion was filed more than 120 days since the complaint was originally filed. *See* Def.'s Resp. (#22). In reply, Plaintiff argues that there is good cause for the extension as he believed service had been properly effectuated and the motion to dismiss was not filed until June 23, 2011 - only ten days from the expiration the 120 days allotted for service under Rule 4(m).

**3. Plaintiff's Motion to Amend (#24) and Defendant's Motion to Dismiss (#29)**

Shortly after filing his motion to extend (#21), Plaintiff also filed a motion for leave to amend his original complaint. (#24). In response, Defendant filed a motion to dismiss (#29) arguing that the Court should first rule on the other pending motions. Defendant also argues that leave to amend should not be granted because it was never requested and that, if granted, the fourth cause of action for unpaid wages and seventh cause of action for constructive discharge should be dismissed.[2] Lastly, Defendant requests that if leave to file the amended complaint is granted that Plaintiff be required to provide a more definite statement pursuant to Rule 12(e).

## DISCUSSION

**1. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(5) (#7)**

Resolution of the motions currently before the Court turns on whether Defendant's motion to dismiss (#7) based on insufficiency of service is granted and, if so, whether service is quashed or the action dismissed.

A party may challenge the pleadings based upon "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Once service is challenged, the Plaintiff bears the burden of establishing that service was valid under Fed. R. Civ. P. 4. *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir.2004) (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 538 (9th Cir.1986)). Sufficiency of service is often a fact-driven inquiry.[3] If the plaintiff is unable to satisfy his burden,

---

[2] Although Defendant does not bother to cite what rule it relies upon for requesting dismissal, the Court assumes Defendant is requesting dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

[3] Often, the plaintiff will meet his burden by simply producing the process server's return of service. *Mechanical Marketing, Inc. v. Sixxon Precision Machinery Co, Ltd.*, 2011 WL 4635546 (N.D. Cal) (citation omitted). Unless there is some defect on the face of the return, Rule 12(b)(5) requires the defendant to produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service. *Id*. In

the Court has discretion to either dismiss the action or retain the action and quash the service of process. *See e.g.*, *SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976 ) ("the choice between dismissal and quashing service of process is in the district court's discretion."). It is axiomatic that a court cannot exercise jurisdiction over a defendant without proper service of process pursuant to Rule 4. *See Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987).

Here, Defendant is a corporate entity. Pursuant to Fed. R. Civ. P. 4(h)(1), a corporation may be served either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or in the manner prescribed by the state law in which the district court is located. Under Nevada law, if the suit is against an entity formed under Nevada law or registered to do business in the state, service may be accomplished by serving "the registered agent thereof or if the entity ... is (i) a corporation, to any officer thereof ...." NRCP 4(d)(1). Nevada law provides a separate means whereby service can be accomplished delivering a copy of the summons and complaint to the Nevada Secretary of State and providing the appropriate affidavit as set forth in NRCP 4(d)(1) if service cannot be effectuated on the registered agent or an officer of the corporate entity. Information concerning the registered agent of corporations doing business in Nevada is available on the Nevada Secretary of State's website.[4]

Based on the pleadings related to Defendant's motion (#7), there is no dispute that Plaintiff served a copy of the complaint and summons on an individual identified as Kassie Howell and that, at the time of service, Ms. Howell was employed as a billing clerk with Defendant. The uncontroverted affidavits attached to Defendant's motion (#7) show that Ms. Howell is not an officer, a managing or general agent, or an agent expressly or impliedly authorized to receive service of process for Defendant. There is no indication that Ms. Howell is the registered agent of

---

response, the plaintiff must disclose some evidence demonstrating that service was proper, or creating an issue of fact necessitating an evidentiary hearing to resolve.

[4] *See* **http://nvsos.gov/sosentitysearch/**

Defendant.  Nor is there any indication that other attempts at service, consistent with Nevada law, were made.  Although Plaintiff attached the affidavit of service to his later filed motion to extend (#21), it was not attached to his response to Defendant's motion to dismiss (#7) and, therefore, not before the Court.  Even if it were, it would not alter this Court's finding that Ms. Howell was not authorized to accept service on behalf of Defendant in this case.  Having determined that service was insufficient, the question becomes whether the matter ought to be dismissed or service quashed.

If a Rule 12(b)(5) motion is granted a court has discretion to either dismiss the action or retain the action and quash the service of process.  *See e.g.*, *SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976 ) ("the choice between dismissal and quashing service of process is in the district court's discretion."); *see also Umbenhauer v. Woog*, 969 F.2d 25, 30-31 (3d Cir.1992); *see also Fed. Civ. Proc. Before Trial* § 5:353; Charles Alan Wright & Arthur R. Miller, *5B Fed. Prac. & Proc. Civ.* § 1354 (3d ed. 2009).  If effective service can be made and there has been no prejudice to the defendant, the court will generally quash service rather than dismiss the action.  *See e.g.*, *Umbenhauer,* 969 F.2d at 30-31.  This is especially true when the plaintiff is pro se.  The Ninth Circuit has recognized there is "a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Department,* 901 F.2d 696, 699 (9th Cir 1990) (citing *Borzeka v. Heckler,* 739 F.2d 444, 447 n. 2 (9th Cir.1984) (defective service of complaint by pro se litigant does not warrant dismissal)).

In his response to Defendant's motion (#7), Plaintiff requests that he be given additional time to properly serve the summons and complaint in the event that Defendant's motion (#7) is granted.  Defendant asserts that the request must be denied because (1) the response itself was untimely and (2) because the 120 day period for service under Rule 4(m) had run, quashing service would have the same effect as dismissal.  As an initial matter, there is no merit to the argument that Plaintiff's response was untimely.  Pursuant to Fed. R. Civ. P. 6(d), Plaintiff had until July 11,

2011, to serve his response to the motion.[5] Thus, the issue is whether the complaint should be dismissed because the time for service had expired under Fed. R. Civ. P. 4(m), which provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff must dismiss the action without rejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Courts have broad discretion to extend time for service under Rule 4(m) for good cause.

Generally, "good cause" exists where the plaintiff has been diligent in his effort to effect service or there are other mitigating circumstances. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* §1337 (2011). Good cause is likely to be found when the failure to complete service in a timely fashion is due to the conduct of a third-person, typically the process server. *Id*. Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, **and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m) ] even if there is no good cause shown**." *See* Fed.R.Civ.P. 4(m), Advisory Comm. Notes, 1993 Amendments (emphasis added); *see also Henderson v. United States*, 517 U.S. 654, 661-62 (concluding that "the 120-day provision operates not as an outer limit subject to reduction, but as an irreducible allowance."). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

Plaintiff's request for an extension to serve was made 129 days after the complaint had been filed.[6] Although the request came after the 120-day period for service under Rule 4(m) had expired, the Court finds that there is good cause for the requested extension. The failure to serve was not due to a lack of diligence. Plaintiff did attempt service and was operating under the good

---

[5] Taking into account Fed. R. Civ. P. 6(d) and Fed. R. Civ. P. 6(a)(1)(C), the response was due on Sunday, July 11, 2011.

[6] Plaintiff requested an extension to serve in his response to Defendant's motion to dismiss (#7). The response was filed on July 11, 2011, and the complaint was filed on March 4, 2011, a difference of 129 days.

faith belief that the service accomplished was sufficient. The insufficiency of service was due to the failure of the process server, a third-person, to serve the complaint and summons in a manner consistent with applicable rules.  Indeed, up until Defendant filed its motion to dismiss, there was no indication that Plaintiff, proceeding pro se, should be concerned about sufficiency of service. Plaintiff filed a timely response to Defendant's motion to dismiss where he contested Defendant's claim and requested additional time to accomplish service in the event the service previously made was insufficient.

        Based on the foregoing, the Court finds that, although service of process was technically insufficient, Plaintiff has demonstrated good cause for the requested extension to serve the complaint and summons.  Moreover, Defendant has not shown, nor can the Court see, how the requested extension would prejudice Defendant.  Given the Court's "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements," *see Balistreri,* 901 F.2d at 699, it will exercise its discretion to quash service as opposed to recommend dismissal of the action.  In conjunction with quashing service, the Court will also grant Plaintiff's request for additional time to effectuate service.  *See Issaquah School Dist. No. 411*, 470 F.3d at 1293 (concluding that an extension under Rule 4(m) is an appropriate exercise of discretion when determining whether to dismiss an action or quash service even after the 120-day period for service has expired.).  Plaintiff will have an additional sixty (60) days from the date of this order to effectuate service in this matter.

        **2. Plaintiff's Motion to Extend (#21)**

        Given the Court's ruling on Defendant's motion to dismiss (#7), as set forth herein, Plaintiff's motion to extend (#21) is moot.

        **3. Plaintiff's Motion to Amend (#24) and Defendant's Motion to Dismiss (#29)**

        Service of the initial summons and complaint in this matter has been quashed as a result of this order.  Thus, as a practical matter, Defendant has not been adequately served with either the original complaint or proposed amended complaint in this matter.  In keeping with the charge in Fed. R. Civ. P. 15(a)(2) to "freely give leave when justice so requires," the Court will grant Plaintiff's motion to amend (#24) and require that the amended complaint be served within sixty

(60) days of this order.  Because service of the original complaint was quashed and the amended complaint has not been properly served under Rule 4, the Court finds that Defendant's motion to dismiss (#29) is premature and must be denied.  Nothing in this order should be understood to limit Defendant in its ability to file any responsive pleading or motion under Rule 12 once it is properly served in this matter.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Aftermath's Motion to Dismiss for Failure to Properly Effectuate Service of Process (#7) is **granted** and service of the original summons and complaint in this matter is quashed.  Plaintiff shall have an additional **sixty (60) days** from the date of this order to effectuate service.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Serve Notice (#21) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (#24) is **granted**. The Clerk of the Court is instructed to file the amended complaint.  Plaintiff shall have **sixty (60) days** from the date of this order to serve the amended complaint and summons in a manner consistent with Rule 4.

**IT IS FURTHER ORDERED** that Defendant's Opposition and Counter Motion to Dismiss Plaintiff's Amended Complaint or for a More Definite Statement (#29) is **denied without prejudice**.  Nothing in this order shall be construed to limit whatever defenses and objections Defendant wishes to assert once it is properly served in this matter.

DATED this 31st day of October, 2011.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**