**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SHAROD J. WORTHEN,        )<br>                                                 )<br>            Plaintiff(s),         )<br>                                                 )<br>   vs.                                        )<br>                                                 )<br>AFTERMATH, INC.,                )<br>                                                 )<br>            Defendant(s).        )<br>_____ ) | Case No. 2:11-cv-344-RLH-CWH<br><br>**O R D E R**<br>(Motion to Dismiss–#34) |

Before the Court is Defendant's Motion to Dismiss Plaintiff's Fourth and Seventh Cause of Action Contained in Plaintiff's Amended Complaint (#34, filed December 12, 2011). No opposition was filed.

Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capitol, Inc.* 718 F.Supp. 828, 831 (D. Nev. 1989). It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law. *United States v. Hvass*, 355 U.S. 570, 574-575 (1958); *Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules. *Black Unity League of Kentucky v. Miller*, 394 U.S. 100, 89 S. Ct. 766 (1969).

Accordingly, the Motion may be granted on the foregoing basis. However, the Motion will also be granted on its merits.

1

1  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which
2 relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and
3 plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While
4 a pleading generally need not contain detailed allegations, it must allege sufficient facts to raise a
5 right to relief above the speculative level. *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
6 (2007).  A complaint does not allege sufficient facts to raise a right to relief above the speculative
7 level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the
8 elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v.*
9 *Allain*, 478 U.S. 265, 286 (1986).)  Instead, in order to survive a motion to dismiss, a complaint must
10 contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.
11 Ct. At 1949 (internal citations omitted).

12  In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district
13 courts to apply when considering motions to dismiss.  First, the court must accept as true all factual
14 allegations in the complaint. *Id.* at 1950.  A court does not, however, assume the truth of legal
15 conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* At 1950;
16 *Warren W. Fox Family Worldwide, Inc.* 328 F.3d 1136, 1139 (9th Cir. 2003).  Mere recitals of the
17 elements of a cause of action, supported only by conclusory statements also do not suffice. *Iqbal*, 129
18 S. Ct. 15 1949.  Second, the court must consider whether the factual allegations in the complaint
19 allege a plausible claim for relief. *Id*. at 1950.  "A claim has facial plausibility when the plaintiff
20 pleads factual content that allows the court to draw a reasonable inference that the defendant is liable
21 for the alleged misconduct." Id. at 1949.  Thus, where the complaint does not permit the court to
22 infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that
23 the pleader is entitled to relief." *Id.* (internal quotation marks omitted).  When the claims in a
24 complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be
25 dismissed. *Twombly*, 550 U.S. at 570.
26 / / /

2

As noted in Defendant's Motion, Plaintiff's Fourth Cause of Action, for unpaid wages under N.R.S. 608.030, does not assert a claim upon which relief can be granted. There is no private right of action under N.R.S. 608.005-N.R.S. 608.195. *See Baldonado v. Wynn Las Vegas, LLC,* 194 P.3d 96, 102 (Nev. 2008).

The Seventh Cause of Action alleges constructive discharge. That is not a cognizable legal theory upon which a free-standing cause of action lies. Rather, it is simply an adverse employment action which is part of, and subsumed in, Plaintiff's claim for discrimination. It is an outgrowth of the allegations of the effect of, for example, hostile working conditions. Accordingly, it does lie as an independent cause of action and must be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Fourth and Seventh Cause of Action Contained in Plaintiff's Amended Complaint (#34) is GRANTED.

Dated: February 6, 2012.

_____
**Roger L. Hunt
United States District Judge**